

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-22-00039-CV

---

ERICK LAWSON, APPELLANT

V.

VICTORIA RODRIGUEZ AND CONCEPCION PORTILLO, APPELLEES

---

On Appeal from the County Court
Lamb County, Texas
Trial Court No. CC-3420, Honorable James M. DeLoach, Presiding

---

March 23, 2022

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Appellant, Erick Lawson, appearing pro se, appeals from the trial court's order granting appellees' motion for summary judgment and dismissing Lawson's claims. We dismiss the untimely appeal for want of jurisdiction.

The trial court signed the summary judgment order on November 10, 2021. No motion for new trial or motion to modify the judgment was filed, as certified by the trial court clerk. Accordingly, Lawson's notice of appeal was due on December 10, 2021,

which was thirty days after the judgment was signed. *See* TEX. R. APP. P. 26.1(a). Lawson filed it on February 7, 2022, however.

A timely notice of appeal is essential to invoking an appellate court's jurisdiction. *See* TEX. R. APP. P. 25.1(b), 26.1; *Verburgt v. Dorner*, 959 S.W.2d 615, 616-17 (Tex. 1997). By letter of February 9, 2022, we notified Lawson that his notice of appeal appeared untimely and directed him to file a response showing grounds for continuing the appeal or it would be dismissed for want of jurisdiction.

In response, Lawson claimed that he timely filed a motion for new trial on December 5, 2021, "Plaintiff's Motion in Objection to Court Order and Request for New Trial." However, the copy of the motion provided by Lawson lacks any indicia suggesting the original actually was filed with or sent to the trial court clerk for filing. It contains no file-mark. Nor is the motion's "Unsworn Declaration," declaring under penalty of perjury that the instrument is true and correct, signed. The certificate of service also is incomplete and unsigned. Lawson also failed to accompany the purported motion with any evidence indicating it was mailed or given to authorities at the Civil Commitment Center where he resides for filing. Thus, we cannot say that Lawson illustrated that a timely motion for new trial was filed which extended the deadline by which to file a notice of appeal.

For these reasons, we dismiss Lawson's untimely appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

Per Curiam

2